IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LETTY RUTT, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| | : No. 13-4559 |
| CITY OF READING, PA, et. al., | : |
| | : |
| Defendants. | : |

## MEMORANDUM

**STENGEL, J.**                                                                                       **March 13, 2014**

Letty Rutt, plaintiff, filed this action against the City of Reading and her former supervisors claiming violations of the Family Medical Leave Act (FMLA), the Americans with Disabilities Act (ADA) and Title VII.  On December 19, 2013, I dismissed plaintiff's complaint for failure to plead an adverse employment action.  Plaintiff filed an amended complaint which defendants have moved to dismiss.  In the alternative, defendants move for a more definite statement.  Because the amended complaint is ambiguous and unintelligible, I will grant defendants motion for a more definite statement as to Ms. Rutt's ADA and FMLA claims.  I will dismiss Ms. Rutt's Title VII claim with prejudice.

## I.     BACKGROUND

Accepting the well pleaded allegations as true, I can glean the following facts from the amended complaint.  Ms. Rutt was employed as a records clerk in the Reading Police Department.  During 2010 and 2011, Ms. Rutt sustained

several injuries which caused her to be absent from work. At some point or points in 2012 and 2013, Ms. Rutt requested either FMLA leave or reasonable accommodations or both. As a result, Ms. Rutt alleges defendants terminated her and interfered with her rights under the statutes. When exactly these events occurred and under what circumstances is unclear.

## II.     STANDARD OF REVIEW

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); *See also* Schaedler v. Reading Eagle Publ'n, Inc., 370 F.2d 795, 798 (3d Cir. 1967). "Typically, the court restricts the use of this motion to pleadings suffering from unintelligibility rather than the want of detail." Retzlaff v. Horace Mann Ins., 738 F. Supp. 2d 564, 568-69 (D. Del. 2010) (citations omitted). "[T]he pleading also must be so vague or ambiguous that the opposing party cannot respond to it, even with a simple denial as permitted by Rule 8(b), with a pleading that can be interposed in good faith or without prejudice to himself." 5C Wright & Miller Fed. Prac. & Proc. Civ. § 1376 (3d ed.)

## III.    DISCUSSION

I will grant defendants' motion for a more definite statement as to plaintiff's ADA and FMLA claims. I dismissed the original complaint because plaintiff's counsel failed to plead any adverse employment action - an essential element of both Ms. Rutt's FMLA and ADA claims. I granted plaintiff leave to

amend in order to correct this defect. Perhaps to be overly cautious, counsel has now filed an amended complaint alleging Ms. Rutt was terminated by the defendants three or four times and potentially alleging up to nine events of protected activity. The problems with this strategy are twofold.

First, the allegations which appear to plead protected conduct are so vague that I cannot determine what Ms. Rutt was requesting. For example, the amended complaint alleges, "On May 30, 2013, Plaintiff had a medical evaluation and later the same day hand-delivered the medical note by depositing in the personal mail bin of Defendant Daniswerski…." Am. Compl. ¶ 37. I cannot infer from this allegation whether Ms. Rutt was requesting a reasonable accommodation under the ADA, whether she was requesting FMLA leave or both. Were I to conclude, on the basis of paragraph 39,[1] that Ms. Rutt was requesting a reasonable accommodation, there would be no facts to support her third FMLA claim. At this point in the litigation, it would not be in the interests of justice to arbitrarily dismiss one claim over the other because the pleadings are unclear.[2]

Second, the allegations do not follow in logical order. Under the heading of "First Retaliation and First Termination," counsel asserts that plaintiff was

---

[1] Paragraph 39 alleges:

    "On June 4, 2013, Plaintiff hand-delivered to Defendant Daniswerski a medical note providing for work limitations.
        a.    Defendant Daniswerski said "with the [medical] restrictions we cannot allow you to work
        b.    Plaintiff asked for reasonable accommodation; and
        c.    Defendant Daniswerski repeated we "cannot allow you to work."

[2] While I do not attempt to create an exhaustive list, paragraphs 25, 27 and 34 suffer from the same ambiguities.

3

terminated on February 14, 2012, but that she submitted her FMLA documents on February 23.  Am. Compl. ¶¶ 20 23.  Then on March, 7, the complaint alleges, Ms. Rutt requested work limitations which were denied on March 8.  Am. Compl. ¶¶ 25, 26.  It just doesn't make sense that Ms. Rutt would continue to negotiate an FMLA or ADA claim with her employer after she was terminated.  As such, I would agree with defendants that it sounds more likely that defendants granted Ms. Rutt a leave of absence on February 14.  On the other hand, if I accepted that Ms. Rutt was terminated on February 14, I would not know what to make of the subsequent allegations.  Understandably then, defendants do not know what events Ms. Rutt claims violated the FMLA and the ADA.  In fact, defendant's motion argues that the March 8 event was the alleged violation; whereas, I thought the violation occurred on February 14.  These allegations are unintelligible, and I do not believe that defendants can file an answer without guessing what the bases of Ms. Rutt's claims are.  Blindly answering the amended complaint at this point could easily prejudice the defendants.

The amended complaint is also poorly organized which further complicates matters.  The facts are organized under the headings: First Retaliation and First Termination; Second Retaliation and Second Termination; Third Realization and Third Termination.  This is confusing because under each heading there are multiple events from which one could infer that defendants retaliated.  The headings also suggest that Ms. Rutt's claims under the FMLA and ADA arise from the same events.  While an ADA claim is not necessarily exclusive of an FMLA

4

claim, the statutes do make the two claims somewhat incongruous.[3] Because of this asymmetry, counsel needs to provide greater distinctions on what facts support which claim. Finally, the headings leave me wondering if counsel has alleged any facts plausibly supporting discrimination or interference claims.

      To make matters worse, the counts are a total mess. Federal Rule of Civil Procedure 10(b) clearly states, "each claim founded on a separate transaction or occurrence … must be stated in a separate count or defense." As such, there should be a heading labeled Count 1 followed by a recitation of the elements of the claim and the facts which plausibly plead each element. Instead, counsel gloms the six counts arising under the FMLA under one heading with no direction as to what facts support Ms. Rutt's claims. The ADA claims are equally mishandled. Cleaning up the counts would go a long way to clear up the confusion I have identified in this memorandum. <u>By way of example only</u>, if count one stated Ms. Rutt was retaliated against when defendants terminated her on February 14, neither the defendants nor I would need to guess how Ms. Rutt claims she was injured.

      Perhaps what is most frustrating is counsel's utter failure to address any of the meritorious arguments in defendants' motion to dismiss. Rather, counsel submits a lengthy discussion on the implications of <u>Twombly</u> and <u>Iqbal</u> followed

---

[3] The ADA protects individuals who, "with or without reasonable accommodation, **can perform the essential functions of the employment position**." 42 U.S.C.A. § 12111 (emphasis added). On the other hand, the FMLA entitles an employee to leave when "a serious health condition that makes the employee **unable to perform the functions of the position** of such employee." 29 U.S.C.A. § 2612 (emphasis added).

by a verbatim recitation of the facts in the complaint.  Apparently, counsel believes that he can throw whatever facts he can muster on a sheet of paper followed by a regurgitation of statutory language and survive a motion to dismiss.  Counsel is sorely mistaken.  As counsel should well know, he must draft a complaint which is a short and plain statement of the case and which places the defendants on notice of what the claim is.  Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  This complaint is so ambiguous and unintelligible that it misses the mark.

    Ordinarily, I would see no need to file a memorandum explaining my reasons for granting a motion for a more definite statement.  I do so here to put plaintiff's counsel on notice that should he fail to rectify these errors in the second amended complaint, he risks having the case dismissed with prejudice.  This is our second go around and counsel is farther away from pleading a plausible claim for relief than he was in the original complaint.  If he falls short again, I will be inclined to conclude that granting any additional leave to amend would be futile thus warranting dismissal with prejudice.  *See e.g.,* Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)

    Plaintiff need not re-plead Count XVI, because I will dismiss this count with prejudice.  Plaintiff claims she was terminated in retaliation for asserting rights pursuant to 42 U.S.C. § 2000e-3.  This statute makes it unlawful to retaliate against an employee for opposing a practice made unlawful by Title VII.  Title VII makes it unlawful for an employer to fail or refuse to hire an individual on the

basis of his or her race, color, religion, sex, or national origin. §2000e-2. This complaint is devoid of any facts to suggest that defendants discriminated against plaintiff or any other employee on the basis of race, color, religion, sex, or national origin. When I dismissed plaintiff's original complaint, I specifically warned counsel that there was no basis in law in asserting an FMLA or ADA retaliation claim under the aegis of Title VII.[4] As the amended complaint adds no new facts to support a Title VII claim, I must conclude that counsel is persisting in the misguided belief that he can assert an ADA or FMLA claim through Title VII. Such a claim is meritless, frivolous and should be dismissed with prejudice.

## IV.   CONCLUSION

Because I find that the complaint is unintelligible, I will grant defendants' motion for more definite statement. However, Plaintiff's Title VII claims are dismissed with prejudice.

An appropriate order follows.

---

[4] Indeed, the FMLA and ADA include their own anti-retaliation provisions. 29 U.S.C. § 2615; 42 U.S.C. § 12203